**Opinion issued April 14, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00158-CR

_____

**DJ CHRISTOPHER LOWE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 10-DCR-055397**

_____

## MEMORANDUM OPINION

Appellant, DJ Christopher Lowe, pleaded guilty to the first-degree felony offense of aggravated sexual assault of a child under fourteen, without an agreed recommendation from the State as to punishment. *See* TEX. PENAL CODE ANN. §§22.021(a)(1)(B)(iii), (a)(2)(B), (e) (West Supp. 2015). The trial court withheld a

finding of guilt and ordered a pre-sentence investigation ("PSI") report. Following a PSI report and hearing, the trial court found appellant guilty as charged, and assessed his punishment at seventy-five years' confinement on February 7, 2014.[1] This sentence is within the applicable sentencing range. *See id.* § 12.32(a) (West Supp. 2015). The trial court certified that this was not a plea-bargain case, and that appellant had the right of appeal as to the sentence. *See* TEX. R. APP. P. 25.2(a)(2). Appellant prematurely filed a notice of appeal, which is deemed timely filed on February 7, 2014, the date the appealable judgment was signed. *See* TEX. R. APP. P. 27.1(b).

Appellant's appointed counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error

---

[1] This sentence was set to run concurrently with appellant's 511-month federal sentence for various charges of possession of child pornography to which he pleaded guilty to before being sentenced in state court.

that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that he has delivered a copy of the motion to withdraw and *Anders* brief to appellant and informed him of his right to file a response and access to the record. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, a copy of the record has been sent to appellant for review. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant has not filed any *pro se* response to his counsel's *Anders* brief.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel— determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition

for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

## CONCLUSION

Accordingly, we **affirm** the judgment of the trial court and **grant** counsel's motion to withdraw. *See* TEX. R. APP. P. 43.2(a).[2] Attorney Mark W. Racer must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 826–27.